MATHEWS, Justice
(dissenting).
This is an appeal from a judgment of the Circuit Court which reversed the order of the Full Commission: which had reversed the order of the Deputy Commissioner. The order of the Circuit Court affirmed the Deputy Commissioner and reinstated his order dismissing claimant’s claim.
In the order of the Deputy Commissioner, he made, among others, the following findings:
“At the time claimant was so- injured he was doing his work in the usual manner.
“ * * * Claimant was standing with his right hand on the bottom of a bucket of cement weighing sixty pounds, and' with his left hand on the top of the bucket, making a rotary movement-of-his -body to the left when he was struck in the back by a sudden sharp pain, causing him to lean or fall against a cement form.
“As a result of said back injury claimant has ever since been unable to work though he has made several efforts to do so.
“In recent decisions, the Supreme Court of Florida held that an injury itself cannot constitute the accident.
“Claimant’s said back injury is not an occupational disease.
“Therefore, claimant did not sustain an injury by accident arising out of and in the course of his employment within the meaning of that term as used in the Florida Workmen’s Compensation Law.”
There was no dispute as to the facts.
The Full Commission, with a two to- one vote, in reversing, the Deputy Commissioner, stated that the injury was “ * * * the result of an accident, and that such accident was simultaneous with or immediately preceding the injury in question.”
In the order reversing the Full Commission, the Circuit Judge quoted at length from the order of the Deputy Commissioner and then said:
“The question for determination is whether the claimant’s injury was the result of an accident. . “There was no testimony that there was an accident independent of the injury, and the Supreme Court has repeatedly held that the injury itself cannot constitute the accident. Peterson v. City Commission, Fla., 44 So.2d 423; Brooks-Scan- *659 lon, Inc. v. Lee, Fla., 44 So.2d 650; City of Tallahassee v. Roberts, 155 Fla. 815, 21 So.2d 712; McNeil [McNeill] v. Thompson, Fla., 53 So.2d 868. It is apparent, therefore, that the claimant was not injured as the result of an accident, and the order of the Deputy Commissioner dismissing the case is correct.”
This case should be controlled by the dissenting opinion in the case of Bonnie Gray v. Employers Mutual Liability Ins. Co., Fla., 64 So.2d 650, on rehearing granted, and the judgment of the Circuit Court should be affirmed.