## CITY OF TALLAHASSEE, a municipal corporation created and existing under the laws of the State of Florida, v. EDGAR L. ROBERTS and FLORIDA INDUSTRIAL COMMISSION.

21 So. (2nd) 712                                                                 January Term, 1945
April 17, 1945                                                                   Special Division B

*James Messer, Jr.,* for appellant.

*Wendell C. Heaton* and *Allen C. Clements,* for appellees.

ADAMS, J.:

This appeal is to challenge a judgment upholding an award of compensation granted pursuant to our Workmen's Compensation Law, Sec. 440.01, et seq. For an injury to be compensable under this Act it must be an injury by *accident,* arising out of and in the course of the employment. The occurrence of an accident is one prerequsiite to any award of compensation for an injury. The Act defines an accident as: " 'Accident' shall mean only an unexpected or unusual event, happening suddenly." (Sec. 440.02 [19], F.S. '41, F.S.A.) Several times we have construed this Act. See Kress & Co., et al., v. Burkes, 153 Fla. 868, 16 So. (2nd) 106; Travelers Insurance Company, et al., v. Shepard, et al., 155 Fla. 576, 20 So. (2nd) 903; General Properties Co. v. Greening, 154 Fla. 814, 18 So. (2nd) 908.

The factual background of this award will appear from the following quotation of claimant's testimony:

"Q. You were employed by the City as fireman last October?

"A. Yes sir.

"Q. Will you describe in your own words what happened on October 4, 1943?

"A. I got an aching in my hip. I went to Dr. Annis on the 4th, that was the day I was off. On the 6th we had a fire alarm and we had to go out. I got up and it made me sick and hurt me pretty bad. I was supposed to get the first truck, Lt. Johnson's truck, but I didn't. I got the second truck which was Maige's truck. I did catch him by him slowing up for me to catch it. There wasn't anything to the fire much. I was hurting pretty bad. It was in the Northwest end of town. Seems like riding on the truck, the wind keep me from being so sick.

"Q. Were you sleeping in the fire station?

"A. Yes sir.

"Q. You jumped out of bed at the sound of the alarm?

"A. Yes sir.

"Q. Did you notice any twisting?

"A. No sir, it just felt like something struck me in the center of my back and ranged down.

"Q. Had you noticed in your life before any similar trouble?

"A. No sir.

"Q. Have you had trouble with your back?

"A. No sir.

"Q. How long had you been employed by the City of Tallahassee as a fireman?

"A. Something like three (3) weeks."

The ailment was diagnosed as a slipping of the vertebra, known medically as spondylolisthesis. The record wholly fails to disclose facts from which it can be said there was an accident that caused the injury. Nothing unusual occurred when claimant got out of bed to answer the alarm. There was no occurrence of an unusual nature which contributed to or brought about the injury. On the contrary, it is admitted that the first symptoms of the injury appeared about two days before the time when it is claimed the compensable injury occurred. When the admitted facts are considered in the light of the above statute and the above cases, it is clear that the injury is not compensable under this law.

The judgment is reversed.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.