**CLEARY BROS. CONSTRUCTION COMPANY, and STANDARD ACCIDENT INSURANCE COMPANY, v. RUBY L. NOBLES.**

23 So. (2nd) 525                                      June Term, 1945
October 5, 1945                                        Division B
Rehearing denied Oct. 31, 1945

*Earnest, Lewis & Smith,* for appellants.

*O. S. Miller,* for appellee.

SEBRING, J.:

While engaged in unloading a railroad box car containing cement, Aaron Nobles, a day laborer, collapsed and fell dead. His widow made claim for compensation under the Florida Workmen's Compensation Law. After a hearing on the merits the deputy commissioner denied the claim. On review the Florida Industrial Commission affirmed the order of the deputy commissioner. An appeal to the circuit court was taken from the order of the full commission. The circuit court reversed the order of the commission and allowed compensa-

tion on authority of Davis v. Artley Construction Company, 154 Fla. 481, 18 So. (2nd) 255. The judgment of the circuit court is here on appeal.

The facts surrounding the death of Nobles are virtually undisputed: The deceased was employed by Cleary Bros. Construction Company as a day laborer. He was a large muscular man accustomed to hard physical labor. To all outward appearances he enjoyed good health. At about 4:30 o'clock on the morning of his death a crew of laborers employed by the construction company had opened up several box cars containing sacked cement and had begun unloading them. Nobles came to work at about 6:30 in the morning. His job was to help place sacks of cement on a hand truck which, when loaded, was rolled to the door of the box car by other laborers who there took the cement from the hand truck and loaded it on a waiting motor truck for delivery to a point where the employer was constructing an airport. Nobles was assisted by another laborer in his work of removing the sacked cement from where it was piled in the car and placing it on the hand truck; each grasping an end of a loaded sack and placing it on the hand truck rolled up beside them. Some 30 minutes after deceased came on the job the work was interrupted for the few moments necessary for a loaded truck to pull away from the car door and an empty truck to back up to the car to be loaded. During this short period Nobles, who was standing at the car door joking with the other laborers and mopping the perspiration from his brow, suddenly toppled forward head first out of the car door, and fell to the ground. When his fellow workers reached him Nobles was unconscious and already dead or in a dying condition.

At the time of his collapse the deceased was suffering from nephro sclerosis, a kidney disease, and various heart involvements, including myocarditis. An autopsy disclosed that the heart was unusually large; in fact, more than twice the size it should have been. In the opinion of the physician performing the autopsy the heart disease with which Nobles suffered had existed for a long period of time prior to his death, and had progressed to such a stage that death might

have occurred normally at any time without regard to the type of activity he was pursuing. The effort exerted by Nobles on the morning of his death, plus the heat in the car, doubtless contributed to raising Nobles' blood pressure to an extent that his heart could not work against said pressure, and thus acute dilatation and death occurred.

The question is whether these facts show a right to recovery under Davis v. Artley Construction Company, supra.

The rule of Davis v. Artley Construction Company, supra, is that where an employee afflicted with disease receives a personal injury under such circumstances as that he might have had compensation under the law had there been no disease involved, and the existing disease is materially aggravated or accelerated by the injury, resulting in disability or death earlier than would have otherwise occurred from the result of the disease alone progressing naturally under ordinary conditions, there may be an award under the compensation act.

In our view the evidence in the record does not bring this case within the rule. The deceased did not fall out of the box car as the result of any accident. See Sec. 440.02(19) Florida Statutes, 1941. He did not slip, trip or stumble. He did not lose his balance and fall. He was not pushed, knocked or jostled out of the car. Prior to his collapse he had not been sick, dizzy or overheated. It does not appear that deceased had been subjected to any unusual strain or overexertion uncommon to the type of work he was accustomed to doing. The fact that he collapsed at his work, even though the work was arduous, is not sufficient, within itself, to make out a case for recovery, when the evidence is manifestly clear that any exertion, even though slight, might have produced the same result, without acceleration or aggravation by an accidental injury.

The judgment appealed from is reversed.

It is so ordered.

CHAPMAN, C. J., BROWN and THOMAS, JJ., concur.