44 So.2d 650 (1950)
BROOKS-SCANLON, Inc. et al.
v.
LEE et al.
Supreme Court of Florida, Special Division B.
February 21, 1950.
Keen, O'Kelley & Spitz and A. Frank O'Kelley, Tallahassee, for appellants.
T.T. Turnbull and William A. O'Bryan, Tallahassee, for appellees.
ADAMS, Chief Justice.
The only question here is whether appellee's deceased husband sustained an injury by "accident" within the meaning of our Workmen's Compensation Act.
All inferior tribunals found in the affirmative although the circuit court plainly indicated that the injury preceded any possible accident, if there was any accident. In City of Tallahassee v. Roberts, 155 Fla. 815, 21 So.2d 712, and cases cited there, we construed the statute (Sec. 440.01 et seq., Fla. Stat. 1941, F.S.A.) to the effect that to authorize an award there must be an accident preceding the injury. In other words, the injury itself cannot suffice for, or constitute, the accident.
This case is ruled by our decision in Cleary Brothers Construction Company v. Nobles, 156 Fla. 408, 23 So.2d 525. This case is distinguished from the several cases cited in Protectu Awning Shutter Company v. Cline, 154 Fla. 30, 16 So.2d 342; Davis v. Artley Construction Company, 154 Fla. 481, 18 So.2d 255, by appellee for in those cases we found that there was an accident which preceded the injury.
The judgment is therefore
Reversed.
THOMAS, HOBSON, and ROBERTS, JJ., and TILLMAN, A.J., concur.
CHAPMAN, J., dissents.
TERRELL, J., not participating.