53 So.2d 868 (1951)
McNEILL et al.
v.
THOMPSON et al.
No. 21818.
Supreme Court of Florida, en Banc.
May 29, 1951.
Rehearing Denied July 3, 1951.
*869 Messer & Willis, Ben C. Willis and James Messer, Jr., all of Tallahassee, for appellants.
Davenport & Johnston, Bert A. Davenport, and Mayo C. Johnston, all of Panama City, for appellees.
PARKS, Associate Justice.
We review Employers' appeal from the judgment of the Circuit Court of Bay County affirming an order of the Florida Industrial Commission approving the order of its Deputy Commissioner granting compensation to the claimant, Thompson, for an injured spine consisting of a ruptured inter vertebral disc. That Claimant suffered such injury is not disputed. The sole question we are called on to determine is whether or not he received this injury in an "accident" within the meaning of the Compensation Act. F.S.A. § 440.01 et seq.
By agreement, the case was tried upon Thompson's written version of the incident, supplemented by stipulation of facts by the parties, viz.:
"My name is Wade L. Thompson, 5600 19th Court, Wainwright Park, Panama City, Florida. On January 23, 1950 I worked for Mr. Andy C. McNeil on the Southern Bell Telephone Building at Panama City. I went to work at 12:30 and worked until 4:30 P.M. I was the foreman of the painting and there were three painters working under me. Two of them, a Mr. Hurley and a Mr. O'Bryan, knocked off at 3:30, and a Mr. Brooks worked with me until 4:30. I spent all of the afternoon outside of the building, working on some doors and handrails. During the afternoon it became necessary to move all of the paint out of the basement of the building and place it in the open under some trees near the building. A colored laborer got the paint out and placed it under the trees. As two of the painters left at 3:30 that left only myself and Mr. Brooks on the job. There was an extension ladder outside against the building with the bottom in a hole. It was necessary to move the ladder as I needed it as a support for some cover cloths to put over the paint to protect it from the weather.
"I started to lift the ladder and get it out of the hole. As I lifted up and was getting it out of hold I felt a pain in the lower part of my back. It was a sharp pain and I dropped the ladder. I felt like I was going to faint and turned sick. I called Mr. Brooks and told him I couldn't do anything else and to move the ladder over to the paint and cover all of it up with drop cloths. He did so. This happened about 4:00 p.m. and I sat down and rested. The pain continued but I was able to drive my car home. I thought it would pass off but it continued throughout the night. I did not feel like going back to work and my wife called Mr. McNeil and told him I would not be able to go to work and that I was going to see the doctor if I was able to get there."
"1. The attached statement of Wade L. Thompson dated February 20, 1950, sets forth true facts pertaining to his disability claimed to have been connected with his employment on January 23, 1950.
"2. That in addition to the facts set forth in Mr. Thompson's said statement, the following matters are undisputed:
"(a) At the time Mr. Thompson lifted the ladder on January 23, 1950, as described in his said statement, he did not experience any misstep, fall, slipping, blow or other untoward incident, but applied his physical strength to the extent necessary to lift or move the ladder and after this effort felt the sharp pain in the lower part of his back.
"(b) The claimant has been a painter since 1922 and in the course of his work in this trade has many times lifted ladders, including extension ladders, but had never before experienced a sharp pain in his back *870 such as felt on January 23, 1950; and that lifting ladders is common in the painting trade."
The order of the Deputy Commissioner approved by the Commission was, upon review by the Circuit Judge, affirmed without opinion. The Deputy Commissioner found:
"Claimant admits that he had been accustomed to lifting ladders; that the same is common in the painting trade, but closer examination shows that the circumstances and the manner in which it was necessary for claimant to lift and remove the particular ladder at the time he sustained the injury, was of an unusual nature. In order for claimant to remove the ladder from the encased ventilator shaft, it was necessary that he stand upon a 13" coping, four feet above the ground and ten feet above the bottom of the walled encasement, reach across a space of approximately two and one-half feet, grasp the ladder well above its center of balance, pull it toward him and from this awkward and necessarily straining position, apply his physical strength to the extent necessary to lift and/or move the ladder. The undersigned Deputy Commissioner is of the opinion that the foregoing circumstances affirmatively show that `there was an occurrence of an unusual nature which contributed to or brought about the injury', and it is not necessary that, in addition thereto, there must have been any misstep, fall, slipping, blow, or other untoward incident, therefore, it is the opinion of the undersigned Deputy Commissioner that this does constitute an accident under the terms of the Workmen's Compensation Act." (Italics supplied.)
We cannot agree to the finding that the record warrants the inference that Thompson in lifting and moving the ladder did so from an awkward and straining position. In our opinion, Thompson's version of the incident, coupled with the supplemental stipulated facts, failed expressly or impliedly to warrant such finding. In lifting or moving the ladder Thompson standing on the 13 inch coping four feet from the ground and ten feet above the bottom of the ventilator shaft, reached across a space of about two and one-half feet to grasp it. The record discloses that he was an experienced painter. In doing his work he was accustomed to lift, raise, move and generally handle ladders of the identical length, weight and size of the one sought to be lifted and moved in the instant suit. From this experience the fair assumption is that he became expert in handling, lifting and moving such ladders adeptly and in doing so habitually assumed that posture which would require the least strain and effort. Such would be the natural thing for him to do. In this case we may assume he followed his usual habits and availed himself of his experience.
Likewise, in his work, it is reasonable to assume that he was accustomed to stand on and do his work while using the usual and customary painters' scaffolding which often times is little wider, if any, and much higher, than the 13 inch coping of the wall. We see nothing in his situation on the wall, the size or the depth and width of the shaft that required him to assume an awkward and unusual posture in moving and lifting the ladder. Under all the circumstances, the presumption is that he availed himself of his experience and knowledge in the circumstances and assumed the most natural and easiest posture to move and lift the ladder. We must, therefore, find that there was no "accident" within the meaning of the Act. This case falls within our holdings in City of Tallahassee v. Roberts, 155 Fla. 815, 21 So.2d 712; Peterson v. City Commission of Jacksonville, Fla., 44 So.2d 423; Cleary Bros. Construction Company v. Nobles, 156 Fla. 408, 23 So.2d 525; Brooks Scanlon, Inc. v. Lee, Fla., 44 So.2d 650.
The judgment appealed from must, therefore, be reversed.
It is so ordered.
SEBRING, C.J., and TERRELL, THOMAS and ADAMS, JJ., concur.
CHAPMAN and ROBERTS, JJ., dissent.