53 So.2d 113 (1951)
LE VINESS et al.
v.
MAUER et al.
Supreme Court of Florida, Division B.
May 29, 1951.
Rehearing Denied July 5, 1951.
M. Dudley Burton, Miami, for appellants.
Lamar Warren, Fort Lauderdale, and Wendell C. Heaton, Tallahassee, for appellees.
ADAMS, Justice.
We have a judgment awarding compensation to appellee for an injury arising out of the following facts found by the deputy commissioner: "John Vincent Mauer, 35, while digging a ditch in the course of his work for Edward LeViness, in Ft. Lauderdale, Florida, suddenly experienced a sharp, shooting pain in his chest, radiating down the left arm. It was a hot day, and although claimant had done general carpentry and roofing work for years, he was not accustomed to this type of heavy work, which, in addition to shoveling earth, involved chopping palmetto roots with a mattock, an axlike tool. After digging and chopping for about 45 minutes, he experienced the chest pain, discontinued work at once, and rested for about 15 minutes. For the next few days he did only general carpentry work of a light nature, during which time he suffered intermittent attacks of chest pain, on exertion, which would require him to knock off work temporarily. On September 14, soon after beginning work, he developed a very severe chest pain, and at the suggestion of his employer, sought medical assistance at the Veterans' Administration Hospital in Coral Gables. On the day he was admitted there, after submitting to an electrocardiographic tracing which proved normal, he suffered a coronary thrombosis, and thereafter remained as a patient for 55 days. His history shows that prior to September 6, 1949, he never had any symptoms of chest pain or other indications of heart trouble."
*114 The award was upheld by the full commission and also the circuit court.
Authority for the award was based upon Alexander Orr, Jr., Inc., v. Florida Industrial Commission, 129 Fla. 369, 176 So. 172; Davis v. Artley Construction Co., 154 Fla. 481, 18 So.2d 255. Obviously there was no accident preceding the heart attack and we have unequivocally held that the injury itself will not suffice to constitute the accident. We have often construed this statute and have distinguished the cited cases from similar facts as found here. This case is ruled by Cleary Brothers Construction Co. v. Nobles, 156 Fla. 408, 23 So.2d 525; and Brooks-Scanlon, Inc. v. Lee, Fla., 44 So.2d 650, and cases therein cited.
The judgment is reversed.
SEBRING, C.J., and TERRELL, CHAPMAN, THOMAS and HOBSON, JJ., concur.
ROBERTS, J., dissents.