MATHEWS, Justice
(dissenting).
This is an appeal from the judgment of the Circuit Court in a Workmen’s Compensation case. It was' first tried before the Deputy Commissioner, who found against the claimant. On appeal to the Full Commission, the Deputy was reversed by a two to one ’vote. The Circuit Court reinstated the judgment of the Deputy Commissioner. .'
There was'no dispute as to thé'fact's before the Deputy Córnmissioner. Thé facts as to the injury were stipulated to as follows: ■ ‘ ■■■• '.
“It was about 10:30 or 11:00 A.M. and I was straight edging the concrete floor. ■ In other words, we were pouring the cement floor after all the walk had been put up. We were using ready-mixed concrete which was poured on the ground and then it was my job to spread and level this concrete and then finish it off. As I was working on this job, straight edging the cement which is a part of the finishing process, 1 was bending over from the waist, bending over using my tool, a length of 2 x 4 piece of, wood. Since this bending over puts a strain on your back from bending,, over, I. took , a short break, or breather from the work to rest and relax- my back. I stood up for a minute leaving the 2 x 4 on the ground, and I stretched and twisted myself to ease the crampness I felt in my back. As I straightened up arid twisted slightly I felt a sharp crack and pain in-my back in my buttock hear the end of-my: spine. This pain caused me to fall immediately to'- my -knees, sort of buckling over.”
Thg Deputy Commissioner made, among others,.the following findings of fact:
“That at the time of claimant’s injury his position was not unusual and. claimant was not subject to any unusual strain or exertion.
• ■ “That there, was no occurrence of .an: unusual nature which contributed to or brought about the injury.” . .- -. .
The Deputy Commissioner then made, among others,- the following conclusions :
“That under the principles lately followed by the Supreme Court of Florida, illustrated in the cases of McNeill v. Thompson, Fla., 53 So.2d 868; Brooks-Scanlon, Inc. v. Lee, Fla., 44 So.2d 650; Cleary Bros. Construction Co. v. Nobles, 156 Fla. 408, 23 So.2d *658 525; City of Tallahassee v. Roberts, 155 Fla. 815, 21 So.2d 712; Le Vinness v. Mauer, Fla., 53 So.2d 813, the claimant did not suffer an injury by accident arising out of and in the course of his employment.
“That claimant’s injury was not due to accident and is non-icompensable.”
This case should be controlled by the dissenting opinion in the case of Gray v. Employers Mutual Liability Ins. Co., 64 So.2d 650 (on rehearing granted) and the judgment of the Circuit Court should be affirmed.