.ROBERTS, Chief Justice.
This is an appeal in a workman’s compensation case in which the Deputy Commissioner denied compensation on the ground that “claimant was not injured by accident arising out of ánd in the course of his- employment, within the meaning of the Workmen’s Compensation Law, F.S.A. § 440.01 et seq., as construed by the cases of LeViness v. Mauer [Fla.], 53 So.2d 11.3, McNeill v. Thompson [Fla.], 53 So.2d 868 * * His finding was affirmed by the Full Commission on appeal, and again by the Circuit Court.
While it must be held that the' appellant was, in fact, injured “by accident” within the rule of Gray v. Employers Mutual Liability Ins. Co., opinion filed November 14, 1952, which opinion was adhered to on rehearing granted, opinion filed April 24, 1953, Fla., 64 So.2d 650, it appears that the appellant has been compensated for at least some portion of this particular injury and, perhaps, for all of such injury in the light of evidence that his permanent partial disability is not attributable in any way to the injury of which he is here complaining.
In fairness to the Deputy Commissioner and the appellate tribunals, let it be said that at the time of their respective decisions in this case, they did not have the benefit of our final decision in the Gray case, supra, which, as noted, was pending on rehearing granted until April’ 24, 1953. Under the circumstances, we think the ends of justice will be best served by remanding the cause to the Deputy Commissioner, with directions to re-evaluate the evidence in the light of the decision in the Gray case and to make such changes, if any, in his award as in his judgment may seem -proper. ...
Remanded with directions.
TERRELL,- SEBRING and MATHEWS, JJ., concur.