### WILLIAMSON v. PLYMOUTH CITRUS PRODUCTS (No. 2).

Industrial Commission.

July 27, 1953.

Lester Harris, Orlando, for the claimant.

J. Thomas Gurney, Orlando, for the employer and insurance carrier.

Chairman JAMES T. VOCELLE, Commissioner H. E. WOLFE, and Commissioner L. R. WESTON participated in the disposition of this matter.

BY THE COMMISSION.

This cause came on to be heard on an application for review of a deputy commissioner's order awarding compensation. Claimant was injured on June 18, 1951 while loading a boxcar with boxes of citrus fruit. While the evidence at the original hearing was conflicting as to the circumstances surrounding the accident, the deputy determined that the claimant had not suffered an "accident"— basing such determination on the Supreme Court's decision in McNeill v. Thompson, 53 So. 2d 868, and cases therein cited. This order was affirmed by the full commission and there was no appeal to the Supreme Court.

Thereafter the high court rendered its opinion in Gray v. Employer's Mutual Liability Ins. Co., 64 So. 2d 650. The definition of "accident" as the term was there construed would allow the claimant

to recover under the same facts found by the deputy which previously had precluded a recovery. Claimant thereupon filed a petition for modification and a second hearing was held before the deputy, who held there had been "a mistake in a determination of fact" and awarded the claimant compensation. The present review is to consider this second award.

The commission is of the opinion that there was a mistake of law and not a mistake of fact in the original hearings before the deputy and before the commission. A petition for modification does not therefore appear to be the proper procedure in this matter, because of the failure of such petition to come within the provisions of section 440.28, Florida Statutes 1951.

It is the commission's opinion, however, that the same petition for modification can be accepted as the filing of a new claim by the claimant. The petition, or new claim as we choose to regard it, was filed in November of 1952. The two year limitation for the filing of a claim, section 440.19(1), did not expire until June 18, 1953. It appears certain that if claimant had not filed his original claim at the time he did but had waited until November of 1952 to do so, he would have been awarded compensation under the authority of the Gray case, supra.

In the opinion of the commission there are no formal requirements for the filing of a "claim" in a compensation matter and, therefore, we consider the filing of claimant's petition in November 1952 as the filing of a claim for compensation within two years from the date of injury.

The contention has been advanced that the previous proceedings held in this matter, from which no appeal was taken, are res judicata to the present claim. We are of the opinion that the defense of res judicata is not available to the parties to this present claim—where there has been an intervening decision such as the Gray case, supra, changing the law governing the first determination. Wagner v. Baron (Fla.), 64 So. 2d 267.

On the above rationale we hold the claimant suffered a compensable accident for which claim has been filed within the proper time limit and that the previous adjudication between the parties is not effective as res judicata to this present claim.

The award of the deputy commissioner is affirmed, and it is ordered that the employer, by and through its insurance carrier, pay claimant's attorney the sum of $300, which is a reasonable fee for representing claimant in this cause before the full commission.