71 So.2d 162 (1954)
PLYMOUTH CITRUS PRODUCTS CO-OP.
v.
WILLIAMSON et al.
Supreme Court of Florida. Division A.
March 16, 1954.
Rehearing Denied April 5, 1954.
J. Thomas Gurney, Orlando, for petitioner.
Lester Harris, Orlando, Rodney Durrance and Burnis T. Coleman, Tallahassee, for respondents.
MATHEWS, Justice.
This is a Workmen's Compensation case. Williamson was hurt on June 18, 1951. There was some conflicting evidence before the Deputy Commissioner but he found that the claimant did not suffer an accident under the decision in the case of McNeill v. Thompson, Fla., 53 So.2d 868. On an appeal the order of the Deputy was affirmed by the Full Commission and no appeal was taken from the order by the Full Commission.
At a later date an opinion in the case of Gray v. Employers' Mutual Liability Insurance Co., Fla., 64 So.2d 650, was handed down by this Court. Claimant filed a petition for modification and at the second hearing before the Deputy, the Deputy held that there was a mistake in determination of fact and awarded compensation. An appeal was prosecuted from this second award and the Full Commission made an order affirming the Deputy. In its order, now under review by the petition for certiorari, the Full Commission stated:
"The Commission is of the opinion that there was a mistake of law and not a mistake of fact in the original *163 hearings before the Deputy and before the Commission. The petition for modification does not therefore appear to be the proper procedure in this matter, due to the failure of the petition to come within the provisions of [F.S.A.] Section 440.28 of the Workmen's Compensation Law. It is the commission's belief, however, that the same petition for modification can be accepted as the filing of a new claim by the claimant. The petition, or new claim as we choose to regard same, was filed in November of 1952. The two year limitation for the filing of a claim did not expire until June 18, 1953. It appears certain that if claimant had not filed his original claim at the time he did so, but had waited until November of 1952 to do so, claimant would have recovered compensation under the authority of Gray v. Employer's Mutual Liability Insurance Co. [Fla.], 64 So.2d 650.
"It is the opinion of the Commission that there are no formal requirements for the filing of a `claim' in a compensation matter and, therefore, we consider the filing of claimant's petition in November, 1952, as the filing of a claim for compensation within two years of the date of injury.
"The contention has been advanced that the previous proceedings held in this matter, from which no appeal was taken, is res judicata to the present claim. It is the opinion of the Commission that res judicata is not a defense available to the parties to this present claim where there has been an intervening decision, such as Gray v. Employers Mutual Liability Insurance Co., changing the law or the legal principles under which the first determination was obtained. See Wagner v. Baron [Fla.], 64 So.2d 267.
"On the above rationale it is the opinion of the Commission that the claimant suffered a compensable accident for which claim had been filed within the proper time limit and the previous adjudication between the parties is not res judicata to this present claim."
There must be an end to litigation sometime. As to the facts in this particular case, the doctrine of res adjudicata applies. Trigg v. Industrial Commission, 364 Ill. 581, 5 N.E.2d 394, 108 A.L.R. 153; Cooper v. United States Fidelity & Guaranty Co., Tex.Com.App., 29 S.W.2d 971; Cooper v. United States Fidelity & Guaranty Co., Tex.Com.App., 33 S.W.2d 189.
The case of Wagner v. Baron, Fla., 64 So.2d 267, was strongly relied upon by petitioner in this case but it is not applicable. In that case we were dealing with a statute which imposed certain additional liabilities upon the father of a bastard child in the nature of support for the said child during a certain period of time and for the determination of the question of fatherhood. There was no question involved in that case of an intervening decision which changed the rule of law or the responsibilities, duties and liabilities of the father of the bastard child. The change in that case was effected by a statute.
After a judgment, order or decree has become final and the time for appeal has expired, an intervening decision which may change the liability or the rule of law applicable to a case is not sufficient ground to open the case up for the filing of a new claim under the same facts.
It appears that the Full Commission did not proceed in accordance with the essential requirements of the law in this matter. The writ of certiorari should be granted and the order of the Full Commission, affirming the Deputy Commissioner, should be quashed and set aside and a proper order entered by the Full Commission, reversing and setting aside the order of the Deputy Commissioner.
It is so ordered.
ROBERTS, C.J., and TERRELL and SEBRING, JJ., concur.