WILLIAM BLOSTEIN, PETITIONER-DEFENDANT, v. LIBERTY CASTLE LAUNDRIES, INC., RESPONDENT-PROSECUTOR.

Submitted May 6, 1947—Decided July 7, 1947.

Before CASE, CHIEF JUSTICE, and Justices PARKER and BURLING.

For the petitioner-defendant, *Theodore S. Chazin* and *Abraham Chazin*.

For the respondent-prosecutor, *O'Brien, Brett & O'Brien* (*Thomas J. Brett*).

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. William Blostein filed a petition in the Workmen's Compensation Bureau wherein he claimed that he was suffering from a heart condition resulting from an accident which arose out of and in the course of his employment with Liberty Castle Laundries, Inc. The Deputy Commissioner, after hearing many witnesses and receiving numerous exhibits, concluded that the petitioner had failed to prove, by a preponderance of credible evidence, that he had suffered an accident arising out of and in the course of his employment and therefore dismissed the petition. On appeal, Judge Ziegener, of the Hudson Common Pleas, came to a contrary conclusion, reversed the determination in the Bureau and made an award to the petitioner. The employer prosecutes the writ of *certiorari*.

Petitioner was employed as a bookkeeper. He made his case on the question of an accident to hang upon the presentation that at about three o'clock in the afternoon of December 31st, 1943, a materialman had driven up to the door of the laundry with a load of about 70 cinder blocks, weighing between 35 and 40 pounds each, to be used in building lavatories and that before the blocks came sand was dumped at the entrance; that the petitioner desired to clear the entrance of obstructions and so shoveled the sand into drums and carried it on a two-wheel hand truck to another location and carried about 40 of the cinder blocks from the delivery truck and piled them up along side of the office wall; that when he was carrying the last block he "got a sharp pain as if stuck with a knife," experienced a contraction in his back and chest so that he could scarcely breathe, sat for a time in his office chair, later, in about an hour or an hour and a half, felt better and presently, with difficulty, walked home; that the next morning he was unable to arise, summoned a phy-

sician, was given a hypodermic injection and on the following day was removed to a hospital where he was found to be suffering from a heart attack, the nature of which need not be discussed as our disposition of the case rests upon the factual incidents surrounding the alleged accident.

The chronology and succession of events is such as to admit of no variation in the dates. The medical testimony attributing the heart ailment to an incident in the employment rests upon the happening of the alleged events on December 31st.

A part of petitioner's duties was to endorse a receipt upon delivery invoices. He, therefore, knew the names of supply houses which made deliveries of goods to his employer. He professed not to be able to remember the name of the concern from whose truck he removed the blocks, but said that such purchases were made from "Schulz" and "Thomas Henry." From 200 to 250 concrete blocks were used for the job. The auditor of the Thomas Henry Material Company testified that one of that company's yards was called the "Schulz" yard, that on December 7th, 1943, two deliveries of cement blocks had been made to Liberty Castle Laundries, Inc., one of 200 blocks and the other of 35 blocks, and that no other deliveries were made during the month of December. Because the witness testified that sometimes deliveries to its customers were made on its order directly by the wholesaler, Hoffman Block Company, the bookkeeper of that company was placed on the stand and questioned as to deliveries made generally to or for the account of the Thomas Henry Material Company. He produced the original tickets and ledger entries against the last named company. The last delivery to or for the account of that company in December of 1943 was 165 blocks on December 28th. There was no proof that all or any part of that sale was intended for or delivered at the laundry. The Thomas Henry Material Company delivery slips for the 235 cement blocks delivered on December 7th, containing notations by petitioner, are in evidence.

The case went to the Court of Common Pleas, as it comes to us, on the printed record. As shown upon this record, the testimony for the employer exceeds in volume and excels in

quality. The witnesses were heard and observed by the Deputy Commissioner who evaluated the evidence as stated above. Without going into a more detailed exposition of the conflicting testimony, we state our finding that there were no cement blocks delivered on or near the 31st of December, 1943; that the material for the lavatories was delivered on December 7th, 1943, and that the laying of the cement blocks in the lavatories had been completed before December 31st. The moving of the sand and the carrying of the cement blocks, if such events ever actually transpired, occurred at some earlier date, were not a part of the chain of incidents leading to the illness and were not a contributory cause thereof. The burden of proof rests upon the petitioner. *Gilbert* v. *Gilbert Machine Works, Inc.,* 122 *N. J. L.* 533. In cardiac cases the presumption is that the condition is due solely to disease. *Schlegel* v. *H. Baron & Co.,* 130 *Id.* 611; *Lohndorf* v. *Peper Bros. Paint Co.,* 134 *Id.* 156. 46 *Atl. Rep.* (2d) 439; *affirmed,* 135 *N. J. L.* 352.

The judgment in the Common Pleas will be reversed and the judgment in the Workmen's Compensation Bureau will be affirmed, with costs.