254 P.2d 410

In re CARRIE.

CARRIE v. CARRIE et al.

No. 7923.

Supreme Court of Idaho.

March 3, 1953.

504

Anderson & Kaufman, Boise, for appellant.

Elam & Burke, Boise, for respondents.

KEETON, Justice.

Claimant, a minor, sought to recover compensation under the provisions of the Workmen's Compensation Law, I.C. § 72–101 et seq., due to the death of her father. The board heard the evidence and entered an order denying compensation and dismissing the proceedings.

Deceased was employed installing congoleum tile in a bathroom and trimming with metal strippings. He was last seen alive about 6:00 P. M. on May 12, 1949, and his body, clad in work clothes, was discovered in the motel where he had been working about 7:30 P. M.

The board found that the primary cause of deceased's death was coronary thrombosis or occlusion; and further that at the time of deceased's death he was not actually engaged at work; had just returned to his lodgings from his evening meal; and concluded compensation should be denied.

Deceased had a history of previous heart ailments and was doctored for angina pectoris in 1944.

 The finding of the board that there was no accident within the meaning of the Workmen's Compensation Law, or any violence to the physical structure of the body which caused the death is fully supported by the evidence.

Appellant contends that the work being performed by the deceased was of an arduous, hard nature, and thus brought on the heart attack.

To constitute an accident within the Workmen's Compensation Act there must be an untoward, unforeseen or unexpected event or series of events causing injury. Hard work, if it was, does not constitute such an accident. Walters v. City of Wieser, 66 Idaho, 615, 164 P.2d 593.

The heart ailment or condition suffered by the deceased was not caused by an industrial accident, nor was there any violence to the physical structure of the body.

Death is not in itself an "accident" within the statutory definition in Workmen's Compensation Act, though often the result of accident.

Employers' liability compensation is not meant or intended as life or health insurance but is purely accident and occupational disease insurance. Wade v. Pacific Coast Elevator Co., 64 Idaho 176, 129 P.2d 894.

We find no error. Order is affirmed. Costs to respondents.

PORTER, C. J., GIVENS and TAYLOR, JJ., and LOWE, D.J., concur.