257 P.2d 552

**SWAN v. WILLIAMSON et al.**
No. 7940.

Supreme Court of Idaho.

April 7, 1953.

Rehearing Denied June 10, 1953.

Elam & Burke, Boise, for appellant.

34

E. B. Smith, Boise, for respondent.

H. J. Hull & Sons, Wallace, Brown & Peacock, Kellogg, Elder & Elder, Coeur d'Alene, amici curiae.

THOMAS, Justice.

The decedent, Edward O. Swan, died on March 21, 1950, at the age of 63 while in the employment of J. A. Williamson. Prior to the date of his death, with the exception of probably one week immediately preceding, decedent had enjoyed reasonably good health, and had no occasion to nor did he consult any doctor for many years.

Mr. Swan had been working for Williamson as a covered agricultural employee about two or three weeks prior to the date of his death, putting in an eight-hour shift at which he did various jobs including chopping and ricking pruned limbs and lifting and hauling peach tree stumps. On the day of his death he was engaged in raking brush consisting of pruned-off limbs and twigs from under trees into the open spaces between the rows of fruit trees. At approximately 3:45 p. m. on March 21, 1950, Swan was found dead lying on the ground under a tree.

This is essentially a medical case; except as to the medical testimony, there are no substantial conflicts in the evidence. Four medical experts were called as witnesses, one of whom was a pathologist who performed an autopsy some four days after the death of decedent and subsequent to embalming. These medical experts were examined and cross-examined at length and in great detail. It would serve no useful purpose nor would it seem practical to attempt to set forth the opinion testimony of these experts. Such testimony in many respects was substantially in conflict. It was for the board, as a fact finding body, to find the facts; its findings with reference to the medical testimony can best be evaluated in connection with a discussion of the findings.

At the conclusion of the hearing before the board, findings of fact, rulings of law and an award were made.

The errors assigned are interrelated and interwoven and, in effect, assert that as a matter of law neither the evidence adduced nor the facts as found will support a conclusion of law that decedent received an injury caused by an accident arising out of and in the course of his employment.

That decedent died suddenly on the job March 21, 1950, in the course of his employment is without dispute.

■ Before considering the findings, it is appropriate to note that in compensation cases the credit and weight to be accorded the testimony in such proceedings is for the board; its findings, when supported by substantial competent evidence, is conclusive on appeal; this court is limited to a determination of questions of law.

The board found that death was not the result, either primarily or by contribution, of any congenital physical defect and was most probably not caused by any chronic disease or disorder and, furthermore, that there was no medical basis for the diagnosis of the cause of death, including any specific heart disease.

The board found that it could not base the cause of death on fibrillation, a cause given by one of claimant's medical experts, or coronary insufficiency, a cause given by another of claimant's medical experts, except as a possibility and that the probable cause of death was some type of heart disorder or disfunction.

Among other things, the board·found that on the day of his death decedent was not doing anything that exposed him to danger or hazard and that he was not working under any pressure or emotional stress or with dangerous or heavy materials and, further, that on that day he was doing comparatively light farm work, at least lighter than much of the work to which he was accustomed and even lighter than he had performed on previous days in such employment.

With reference to the precipitating cause of death, the board found as a probability that the original, initial or precipitating cause of death was unrelated to the employment.

Additionally, under the designation of "Rulings of Law", the board found:

"Claimant's case is factually weak. The record is replete with minima. Untoward precipitating conditions were absent. Working conditions were normal and hazards therein insignificant. Employment strain was minimal. Symptoms were minimal and evidence thereof unsatisfactory for medical diagnosis of any specific disease. Subsequent physical findings were negative except for minimal abnormalities. Decedent's body was normal. There was no evidence of physical violence. Even his heart was within normal limits. There was no substantial evidence of the pre-existence of any chronic disease. Symptoms of an acute heart disfunction pre-existed for a week. The only remarkable fact was sudden death and it occurred on the job, within a few minutes after he had been performing routine manual labor.

"Death is the injury and the suddenness of death is deemed the accident."

The board then concluded that death was caused by an accident arising out of and in the course of employment.

The so-called findings of fact consist of some 38 pages; however, in major part they consist of observations, statements, recitals and excerpts from the testimony of the four medical experts and argumentative comment in relation thereto.

The board is required to make specific findings of fact, not mere findings of ultimate facts, in support of an award. Sec. 72–604, I.C. Such findings must be definite, certain and specific. Dyre v. Kloepfer and Cahoon, 64 Idaho 612, 134 P.2d 610; Smith v. Mercy Hospital, 60 Idaho 674, 95 P.2d 580; In re MacKenzie, 54 Idaho 481, 33 P.2d 113; Scarborough v. Beardmore, 52 Idaho 180, 12 P.2d 771; Hanson v. Independent School Dist., 50 Idaho 81, 294 P. 513. There should be no room for any misunderstanding as to whether statements are intended to be findings. Metros v. Denver Coney Island, 110 Colo. 40, 129 P.2d 911; 146 A.L.R. 156–157; 58 Am.Jur., secs. 471–473, pp. 877–78.

Where there is a conflict in the testimony the duty rests upon the board, a fact finding body, to resolve such conflict, to determine what is true and what is false and to announce the facts in accordance with its findings. Statements, observations, recitals and excerpts from the testimony of witnesses, argumentative comment thereon, statements of the method of reasoning by which a conclusion is reached, that the claimant has or has not established certain facts by a preponderance of the evidence, as well as statements as to sustaining or failing to sustain the burden of proof are not proper; neither are they required by nor sufficient to satisfy the express statutory duty requiring specific, certain and reasonably concise findings of fact. 146 A.L.R. 139–142; 58 Am.Jur., secs. 467–468, pp. 875–876.

The principle is settled that an employee who is afflicted with some malady at the time he enters the employment is not to be deprived of compensation because he is so afflicted. The Act is not for the benefit only of those enjoying perfect health but also includes those who are physically imperfect; however, the necessity of showing in either instance that the employee received an industrial injury caused by an accident arising out of and in the course of the employment is not dispensed with. This the statute requires, Sec. 72–201, I.C.; and, in the event of death, that it results from such injury, Sec. 72–301, I.C.

An accident within the meaning of the statute is an unexpected, undesigned and unlooked for mishap, or untoward event, happening suddenly and connected with the industry in which it occurs, and which can be definitely located as to time when and place where it occurred, causing an injury as defined by the statute. Sec. 72–201, I.C.

38

■ Personal injury shall be construed to include only an injury caused by an accident, as above defined, which results in violence to the physical structure of the body, and such non-occupational diseases as result directly from an injury, Sec. 72–201, I.C.; Walters v. City of Weiser, 66 Idaho 615, 164 P.2d 593; Stevens v. Village of Driggs, 65 Idaho 733, 152 P.2d 891; Kaonis v. Ohio Match Co., 64 Idaho 89, 127 P.2d 776; Wade v. Pacific Coast Elevator Co., 64 Idaho 176, 129 P.2d 894; Sonson v. Arbogast, 60 Idaho 582, 94 P.2d 672; however, injury is not to be construed as synonymous with accident and is only compensable when it is the result of an accident. Sec. 72–1013, I.C.; moreover, there must be a probable, not merely a possible connection between cause and effect to constitute such an accident. Brooke v. Nolan, 59 Idaho 759, 87 P.2d 470.

■ The board must specifically find whether or not there was an accident and, if an accident, whether such was or was not the proximate cause of the injury. Scarborough v. Beardmore, supra; Hanson v. Independent School Dist., supra.

To simply find that decedent's death was caused by an accident arising out of and in the course of employment at most is an ultimate conclusion of both law and fact; it might have sufficed had sufficient specific facts, supported of course by the evidence, also been found, In re MacKenzie, supra; however, specific controlling facts constituting an accident within the meaning of the Act must be found.

■ The board found in this connection only that the suddenness of death is deemed the accident. Suddenness of death is not an accident within the meaning of the statute and was not so held by this court in the case of Teater v. Dairymen's Cooperative Creamery, 68 Idaho 152, 190 P.2d 687, or in any other case of which we are aware. Suddenness of death may result from an injury caused by an accident or it may be the result of natural causes.

■ To render an injury compensable there must be an untoward event or happening beyond the mere employment itself which brings about the final result or contributes thereto and without which the injury or death would not have happened. To a certain extent work will consume some reserve force of the heart of one who so labors, however, this standing alone, is not sufficient to support an award chargeable against industry. McNamara v. Industrial Accident Commission, 130 Cal.App. 284, 20 P.2d 53.

The board made no finding whatever as to the actual cause of death nor did it make any finding as to whether or not the work which decedent was engaged in at the time of and immediately prior to his death precipitated or contributed to or accelerated any injury resulting in or causing death.

Whatever the heart disorder or disfunction might have been, the board was unable under the evidence to find. It is presumed that any death from heart disease is the result of natural physiological causes rather than trauma or particular efforts. Irons v. New Jersey Dept. of Institutions & Agencies, 3 N.J.Super. 216, 66 A.2d 44; Blostein v. Liberty Castle Laundries, 136 N.J.L. 6, 53 A.2d 811; Lohndorf v. Peper Bros. Paint Co., 134 N.J.L. 156, 46 A.2d 439 and Id., 135 N.J.L. 352, 52 A.2d 61; Ten Eleven Corporation v. Brunner, 135 N.J.L. 558, 53 A.2d 350.

Under the findings of fact, which are supported by substantial and competent although conflicting evidence, there was no accident preceding the heart attack, as death itself even though sudden, without more, does not suffice to constitute an accident. Sec. 72–1013, I.C.; In re Carrie (Carrie v. Carrie), 73 Idaho 503, 254 P.2d 410; Le Viness v. Mauer, Fla., 53 So.2d 113; Brooks-Scanlon, Inc., v. Lee, Fla., 44 So.2d 650; Cleary Bros. Const. Co. v. Nobles, 156 Fla. 408, 23 So.2d 525; Lagerveld v. Nathan Doblin Corp., 137 N.J. 335, 59 A.2d 809.

The Order of the board is reversed and the cause remanded with directions to set the award aside and dismiss the application. Costs to appellants.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.