521 P.2d 658

Robert J. NENOFF, SSA 193–22–9274, Claimant-Appellant,

v.

CULLIGAN SOFT WATER, Employer, and Department of Employment, Defendant-Respondents.

No. 11382.

Supreme Court of Idaho.

April 18, 1974.

Robert J. Nenoff, pro se.

Raymond Malouf, Asst. Atty. Gen. of Dept. of Employment, W. Anthony Park, Atty. Gen., R. LaVar Marsh, Asst. Atty. Gen., Boise, for respondent Dept. of Employment.

BAKES, Justice.

This is an appeal from an order of the Industrial Commission of the State of Idaho which reversed a decision of an appeals examiner who ruled that claimant-appellant Robert J. Nenoff was eligible for unemployment benefits. Appellant was employed by Culligan Soft Water as a salesman of water conditioning equipment from September, 1970, until November, 1972, at which time he quit his employment. During that period of time appellant worked both as a salesman and as sales manager for the firm. Appellant testified as to several reasons for quitting his employment with Culligan Soft Water, including the fact that he had difficulty in collecting his commissions, that he did not receive certain commissions which he claimed were due, that family members were employed in the business which made his position as sales manager difficult, and that the employer changed locks on the office doors and refused to provide him with a key.

Respondent Culligan Soft Water introduced evidence to the effect that appellant had been paid all of his commissions to which he was entitled, that appellant was frequently absent on Fridays and Mondays

to which practice the respondent employer had frequently objected, and that appellant had attempted to sell respondent's customer lists to a competitor.

Following the hearing, the Industrial Commission entered an order determining that appellant voluntarily left his employment without good cause and thus was not eligible for unemployment benefits. From that order of the Commission, appellant brings this appeal.

█ In reviewing appeals from the Industrial Commission, this Court is limited by constitution,[1] statute,[2] and decision,[3] to a review of questions of law. It is impossible, however, to fairly evaluate a conclusion of law of the Industrial Commission without knowing the facts upon which the Commission based its conclusion. The Commission has a duty to make findings of fact. I.C. 72–716; Swan v. Williamson, 74 Idaho 32, 257 P.2d 552 (1953); Patrick v. Smith Baking Co., 64 Idaho 190, 129 P.2d

651 (1942); In re MacKenzie, 54 Idaho 481, 33 P.2d 113 (1934). Such findings must be definite, certain and specific, and there should be no room for misunderstanding as to whether statements are intended to be findings. Swan v. Williamson, *supra*.

█ In this case the Commission did not resolve the factual conflicts in the evidence. The findings of fact entered by the Commission are merely a recitation of the allegations, contentions and testimony of the parties.[4] Such findings of fact do not permit this Court to obtain a clear understanding of the basis of the decision of the Commission and are contrary to this Court's instructions in Swan v. Williamson, *supra,* wherein we stated:

"Where there is a conflict in the testimony the duty rests upon the board, a fact finding body, to resolve such conflict, to determine what is true and what is false and to announce the facts in ac-

1. Article 5, § 9, Idaho Constitution.

2. I.C. § 72–1368(i), § 72–724.

3. Madron v. Green Giant Co., 94 Idaho 747, 497 P.2d 1048 (1972); Toland v. Schneider, 94 Idaho 556, 494 P.2d 154 (1972); McMunn v. Dept. of Public Lands, 94 Idaho 493, 491 P.2d 1265 (1971); Alder v. Mountain States Telephone & Telegraph Co., 92 Idaho 506, 446 P.2d 628 (1968); Ramsey v. Employment Security Agency, 85 Idaho 395, 379 P.2d 797 (1963).

4. "FINDINGS OF FACT

"I. The claimant was employed as a salesman of water conditioning equipment from September 1970 until November 1972, when he quit his employment. During most of this time he worked as sales manager. His claim for unemployment benefits has been allowed by the Department of Employment, and the employer has requested a review of this decision by the Industrial Commission.

"II. The claimant gave several reasons for quitting his employment. He testified that he had difficulty in getting paid his commissions, and he testified that he did not receive certain commissions on business for

which he should have had credit. He complained that a number of family members were employed by the business, and this made his position as sales manager difficult, as individuals would not always follow his instructions. The claimant actually decided to quit when the employer changed locks on the office doors and refused to provide the claimant a key. The claimant could not enter the office after regular office hours.

"III. At the hearing before the Commission, the employer explained that he had denied the claimant a key to the office after he learned that the claimant had offered to sell valuable customer lists to a competitor. The employer produced the testimony of the competitor to support this allegation. The employer also testified that all the commissions due the claimant had been paid and that some business which the claimant contended he should have received credit for had not actually been obtained by the employer at the time of the hearing.

"IV. The employer also complained about some of the claimant's work habits. The Commission considers this evidence irrelevant as the claimant was not discharged by the employer but quit voluntarily for the reasons stated." Tr. pp. 40–41.

cordance with its findings. Statements, observations, recitals and excerpts from the testimony of witnesses, argumentative comment thereon, statements of the method of reasoning by which a conclusion is reached, that the claimant has or has not established certain facts by a preponderance of the evidence, as well as statements as to sustaining or failing to sustain the burden of proof are not proper; neither are they required by nor sufficient to satisfy the express statutory duty requiring specific, certain and reasonably concise findings of fact." 74 Idaho at 37, 257 P.2d at 554.

Therefore the matter is remanded to the Industrial Commission with directions to enter findings of fact, conclusions of law and a new order conforming with those findings and conclusions.

On appeal, appellant has moved the Court to augment the record on appeal to include certain findings of a hearing before the Department of Employment concerning his allegation of additional wages due. Since that matter was not before the Industrial Commission because the order in question was not entered until after the hearing before the Industrial Commission, it is not properly an augmentation of the record on this appeal. However, upon proper motion made before the Industrial Commission, leave should be granted allowing either party to reopen these proceedings before the Industrial Commission to introduce further evidence regarding appellant's claim for unemployment compensation.

Reversed and remanded for additional proceedings consistent with this opinion.

Costs to appellant.

DONALDSON, McQUADE and McFADDEN, JJ., and HAGAN, District Judge, concur.