525 P.2d 357
**In the Matter of the ESTATE of Helen G. STIBOR, Deceased.**

**Grant G. STIBOR, Contestant-Respondent,**
v.
**Eleanor HARTLEY, Proponent-Appellant.**
**No. 11404.**

Supreme Court of Idaho.
Aug. 1, 1974.

Glenn A. Coughlan, of Coughlan, Imhoff, Christensen & Lynch, Boise, for proponent-appellant.

Jess R. Walters, Jr., of Derr, Derr, Walters & Cantrill, Boise, for contestant-respondent.

McFADDEN, Justice.

This appeal is from an order of the District Court affirming an order of the magistrates division which denied admission to probate of the purported will of Helen G. Stibor who died on June 22, 1971.

Appellant Eleanor Hartley, the decedent's daughter, issue of decedent's first marriage, petitioned the Ada County magistrate's court that the purported last will and testament of her mother be admitted to probate, and that letters testamentary be issued to her. Grant J. Stibor, respondent herein, the surviving husband of the decedent, contested the petition for probate of the will, alleging that on February 4, 1971, the date of execution of the purported will, the decedent did not have the testamentary capacity to execute a valid will, and on the further ground that such purported will was executed by reason of the undue influence exerted upon the decedent by the appellant. The respondent also alleged in his contest that certain property mentioned in the purported will as decedent's separate property was in truth and in fact community property of respondent and the decedent.

The magistrate heard the case on the issues framed by the pleadings of the parties. After trial the magistrate entered a memorandum opinion and order refusing to admit the will to probate. The appellant appealed from this memorandum opinion and order to the district court. The district court reviewed the record and affirmed the decision of the magistrate, and this appeal was then perfected.

Appellant's assignments of error are such as to require an examination of the record to determine whether the record sustains the magistrate's decision that the decedent in executing the purported will was acting under undue influence, and whether the decedent had testamentary capacity.

In an appeal from the magistrate division of the district court to the district court, it is contemplated that the district judge hearing the appeal shall evaluate the record as an appellate court, i. e. to determine the factual sufficiency of the record to sustain the judgment or order from which the appeal was taken. I.C. § 1–2213.

The district judge after hearing the appeal entered his order affirming the decision of the magistrate. The district judge in this order while commenting upon the lack of any formal findings of fact and conclusions of law by the magistrate, nonetheless held the magistrate's memorandum opinion sufficed as findings of fact and conclusions of law. It is the conclusion of this court that the district court erred in this regard and that this action must be remanded for further proceedings.

IRCP 52(a) [1] requires the judge in all actions tried upon the facts without a jury to "find the facts specially and state separately [his] conclusions of law thereon and direct the entry of the appropriate judgment". That rule also provides that "If an opinion or memorandum decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein". The reasons for this rule have been stated by the Supreme Court of New Mexico in Mora v. Martinez, 80 N.M. 88, 451 P.2d 992, 993–994 (1969), in the following terms.

"[W]e take note of the fact that, although our Rule 52 differs from the federal rule, nevertheless the reasons for both rules are the same, i. e., as an aid to the appellate court by placing before it the basis of the decision of the trial

---

1. IRCP 52(a) incorporates the amendments proposed by 1955 committee changing the then existing Fed.Rule 52(a). The proposed amendments to the Federal rule were not adopted. 5A Moore's Fed.Pract., ¶ 52.01 [6], p. 2607 (1974).

court; to require care on the part of the trial judge in his consideration and adjudication of the facts; and for the purposes of res judicata and estoppel by judgment. See, 2 B Barron & Holtzoff, Federal Practice and Procedure, §§ 1121–1123, and 5 Moore's Federal Practice (2d ed.) § 52.06(1)."

See, 9 Wright and Miller, Federal Practice and Procedure, § 2571, p. 679 (1971); Clements v. Clements, 91 Idaho 732, 430 P.2d 98 (1967); Merrill v. Merrill, 83 Idaho 306, 362 P.2d 887 (1961); Lemelson v. Kellogg Co., 440 F.2d 986 (2d Cir. 1971).

■ Even though IRCP 52(a) recognizes that findings of fact and conclusions of law may be embodied in a memorandum opinion, still both the findings and conclusions must be specially stated if they are to fulfil their designed purpose. This court has held that the absence of findings of fact may be disregarded by the appellate court if the record is so clear that the court does not need their aid for a complete understanding of the issues. Merrill v. Merrill, supra. However, in this case the record is not that clear. The assignments of error are directed to the sufficiency of the evidence to sustain the magistrate's decision. It cannot be determined upon what facts the magistrate based his decision.

■ In several instances in his memorandum opinion the magistrate discussed the testimony of certain witnesses, but without any evaluation of their testimony. From the memorandum opinion it would appear that the magistrate ignored portions of this testimony in arriving at the conclusion he did. This court has repeatedly held that the testimony of a witness which is not inherently improbable and is not contradicted or impeached may not be disregarded. Pierstorff v. Gray's Auto Shop, 58 Idaho 438, 74 P.2d 171 (1937); Idaho Times Pub. Co. v. Industrial Accident Board, 63 Idaho 720, 126 P.2d 573 (1942); Olsen v. Hawkins, 90 Idaho 28, 408 P.2d 462 (1965); Hook v. Horner, 95 Idaho

657, 517 P.2d 554 (1973). See also, Bell, Handbook of Evidence for Idaho Lawyer (2d ed. 1972), p. 13. Specific findings of fact would dispel the uncertainty caused by the magistrate's memorandum opinion.

■ When the district judge was considering the appeal in this case, explicit findings of fact and separate conclusions of law by the magistrate would have clearly reflected the basis of the magistrate's decision, and then the district court more readily could have determined whether facts sustained the magistrate's decision and whether he had correctly applied the appropriate principles of law. Moreover, with such findings of fact, the district court could have properly determined whether this was such a case as should have been tried de novo before the district court. I.C. § 1–2213.

Recently this court in Nenoff v. Culligan Soft Water, 95 Idaho 834, 521 P.2d 658 (1974), reversed an order of the Industrial Commission for the reason that findings of fact entered by the commission were merely a recitation of the allegations, contentions and testimony of the parties. The case was remanded for the commission to enter proper findings of fact, conclusions of law and new order.

In *Nenoff,* supra, this court pointed out that it is impossible to evaluate a conclusion of law without knowing the facts upon which the commission based its conclusion, and such is the case here.

In a will contest case, the courts are dealing with a request to set aside a solemnly executed will of a deceased person. When a will was challenged on the basis of incompetency, this court in In Re Heazle's Estate, 74 Idaho 72, 257 P.2d 556 (1953), adhered to the rule that

"[i]n general the requisite is *that the testator must at the time of making his will* have sufficient mentality to enable him to know what property he possesses and of which he is making a testamentary disposition, to consider and know who are the natural objects of his bounty,

and to understand what the disposition is that he is making of his property by his will. In re Johnson's Estate, 308 Mich. 366, 13 N.W.2d 852, at page 855." (Emphasis added.) 74 Idaho at 76, 257 P.2d at 558.

See also, In re Goan's Estate, 83 Idaho 568, 366 P.2d 831 (1961); Schwarz v. Taeger, 44 Idaho 625, 258 P. 1082 (1927). To apply the rules stated in this case it is incumbent that explicit findings of fact be made.

 And when a will is challenged on the basis of undue influence, it is necessary to show that there was influence used directly to procure the will and amounting to coercion destroying free agency on the part of the testator. In re Eggan's Estate, 86 Idaho 328, 386 P.2d 563 (1963); King v. MacDonald, 90 Idaho 272, 410 P.2d 969 (1965). In Yribar v. Fitzpatrick, 91 Idaho 105, 416 P.2d 164 (1966), this court approved a definition of "undue influence" as being domination by the guilty party over the testator to such an extent that his free agency is destroyed and the will of another person substituted for that of the testator. In order to apply these rules of law to decide a will contest case, of course, the facts must first be found.

The recitation of the foregoing rules of law concerning will contest cases is made to demonstrate the necessity of explicit findings of fact in this type of case, especially when it is appealed from a magistrate court to the district court on the grounds of insufficiency of the record to sustain an order denying the will to probate.

For the foregoing reasons the order of the district court affirming the order of the magistrate is reversed and the cause is remanded to the district court with directions to review the record to determine whether this will contest should be tried de novo in the district court (I.C. § 1-2213[2]), or whether it should be remanded to the magistrate court with directions that findings of fact on all material issues

and conclusions of law be then entered with appropriate order. Costs to appellant.

DONALDSON, McQUADE and BAKES, JJ., concur.

SHEPARD, C. J., dissents, without opinion.