528 P.2d 199

**Ralph ELLISON, Sr., Claimant-Appellant,**

v.

**The BUNKER HILL COMPANY (Self-Insured), Defendant-Respondent.**

**No. 11567.**

Supreme Court of Idaho.

Nov. 15, 1974.

Frank H. Powell, Coeur d'Alene, for claimant-appellant.

James P. Keane, of Brown, Peacock, Keane & Boyd, Kellogg, for defendant-respondent.

DONALDSON, Justice.

This appeal places in issue the sufficiency of the findings of fact and conclusions of law entered by the Industrial Commission of the State of Idaho in the application of Ralph Ellison, the appellant. For the reasons stated in this opinion, the Order of the Industrial Commission is reversed and remanded.

The appellant worked underground at Bunker Hill continuously from 1955 to 1969. In 1969 he began working at the smelter. His employment immediately prior to 1955 consisted of fourteen years as a salesman. He was continuously exposed to hardrock dust while working underground. His only other exposure to such dust was for three days, occurring thirty-one years before. The appellant claims that as of August 15, 1971, he has been totally disabled as a result of silicosis caused by his employment at Bunker Hill.

Upon appellant's application for workmen's compensation, the Industrial Commission held the necessary hearing. The Commission entered findings of fact[1] and

I.  **"FINDINGS OF FACT**
     **"I**

"The claimant, who was born February 29, 1912, began his employment with the defendant, Bunker Hill Company, in the fall of 1955 as an underground miner. His principal previous occupation had been as a salesman in Missouri for approximately 14 years. He had not previously been employed in the mining industry except for a period of approximately three days prior to working for the Bunker Hill Company. The claimant was employed continuously by the Bunker

Hill Company until August 1971, except for brief breaks in his employment of not to exceed two months duration, and one break of eight months during which a strike closed the mining operation. The claimant worked as an underground hard rock miner in various jobs, including miner's helper and driller, until some time in the year 1969.

     **"II**

"The claimant began to experience symptoms of shortness of breath in the period from 1965 to 1968. During the period he worked underground, he was exposed to hard rock

a conclusion of law [2] leading to the Order that the application for compensation be dismissed. From that Order this appeal is taken.

dust. In 1969 the claimant was transferred and worked in the smelter until August 1971. He was exposed to smoke and dust in the smelter and his symptoms of shortness of breath increased during this time. He stopped his employment in August 1971 and sought medical advice. At the time of the hearing the claimant complained of shortness of breath and much difficulty in breathing. He was unable to engage in any type of physical activity and was unable to walk for any distance greater than two blocks.

"III

"The claimant's application for hearing requests that he be awarded compensation for occupational disease, specifically for silicosis, which he alleges he contracted during his years of employment with the Bunker Hill Company. The defendant denies that the claimant is suffering from silicosis.

"IV

"In support of his claim for benefits the claimant presented the testimony of Dr. Alan Coombs Whitehouse, a specialist in pulmonary diseases, of Spokane, Washington. Dr. Whitehouse first examined the claimant in November 1971 at the time the claimant complained of shortness of breath on exertion, pain in his chest which increased by deep breathing, inability to engage in physical activity such as climbing stairs, and a loss of sixteen pounds in weight. The examination of Dr. Whitehouse included a physical examination, x-rays, lung function tests, and lung diffusion studies. Dr. Whitehouse testified that the x-rays taken at this time showed evidence of calcification in the lungs which was indicative of Stage II silicosis. The lung diffusion studies also showed abnormal findings which would be present in diffuse lung diseases such as silicosis. In Dr. Whitehouse's opinion the claimant had silicosis and some mild emphysema. A tuberculosis test was positive, although the claimant did not have active tuberculosis at that time. Dr. Whitehouse stated that the test indicated the claimant had some exposure at some time to tuberculosis and is a high risk to that disease. The doctor's diagnosis of silicosis was made primarily by examination of x-rays and the history of the claimant's exposure to silica dust during a lengthy period of underground mining and the lung diffusion studies which had been performed under his direction.

"V

"The defendants presented the testimony of two physicians. Dr. Marvin L. Powell, a specialist in internal medicine, examined the

On such appeal this Court is empowered to review only questions of law. Nenoff v. Culligan Soft Water, 95 Idaho 834, 521 P.2d 658 (1974); Madron v.

claimant in December 1972. Dr. Powell had the benefit of reviewing x-rays taken of the claimant in 1955, 1957 and 1960 during employment physicals while the claimant was working for the Bunker Hill Company, and he also reviewed recent x-rays of the claimant. Dr. Powell testified that the x-rays taken in 1972 showed considerable calcium deposits in the lungs and an increase in air space in the lungs, which would indicate emphysema. The x-rays presented a picture of a fibrocalcific disease. In comparing this x-ray with earlier x-rays of the claimant's chest from 1955 through 1960, the doctor indicated that the x-rays showed no change in the calcification of the lungs during this period of time and that calcification had been present as early as 1955. However, the x-rays did show considerable increase in the air space in the lungs from 1955 to 1972. In the doctor's opinion the x-rays showed no change in any fibrocalcific disease from 1955 to 1972. The claimant had, however, developed considerable symptoms of emphysema during this period of time. In the doctor's opinion the claimant was not suffering from silicosis since there had been no increase in the calcification during the period of the claimant's employment in underground mining. In his opinion the calcification was the result of tuberculosis, and not silicosis.

"VI

"Dr. John Brockley, a radiologist, also testified on behalf of the defendants. His testimony was similar to that presented by Dr. Powell in his interpretation of the series of x-rays. In Dr. Brockley's opinion the x-rays disclosed no change in the calcification present in the claimant's lungs from 1955 to 1972. The x-rays, however, disclosed considerable increase in the evidence of emphysema. Dr. Brockley did not interpret the x-rays as showing any evidence of eggshell calcification, the presence of which indicates silicosis, although Dr. Whitehouse had indicated that he say some evidence of this in the x-ray he had examined in 1971. In Dr. Brockley's opinion the claimant was not suffering from silicosis."

2.     "CONCLUSIONS OF LAW
"I

"The Industrial Commission concludes that the claimant has failed to prove by a preponderance of the evidence that he is disabled by silicosis or that he is entitled to compensation under the provisions of the occupational disease compensation law."

Green Giant Co., 94 Idaho 747, 497 P.2d 1048 (1972). However, as we stated in *Nenoff,* such review is impossible when the Industrial Commission fails in its function as factfinder. Here, as in *Nenoff,* the Commission's findings of fact are merely "a recitation of the allegations, contentions, and testimony of the parties." 95 Idaho 834, 836, 521 P.2d 658, 660. This failure to resolve the factual conflicts in the evidence prevents this Court from. fulfilling its constitutional obligation of evaluating the conclusions of law entered by the Commission and to review the basis of the Commission's decision.

Therefore the Order is reversed, and the matter remanded to the Commission for additional proceedings and either party may petition the Commission to reopen the case and to submit additional evidence. Costs to appellant.

SHEPARD, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.