542 P.2d 837

Robert J. NENOFF, Claimant-Appellant,

v.

CULLIGAN SOFT WATER, Employer, and
Department of Employment, De-
fendants-Respondents.

No. 11775.

Supreme Court of Idaho.

Nov. 21, 1975.

Robert J. Nenoff, pro se.

Wayne L. Kidwell, Atty. Gen., R. LaVar
Marsh, Raymond N. Malouf, Asst. Attys.
Gen., Boise, for respondent Dept. of Em-
ployment.

BAKES, Justice.

This is claimant-appellant Robert J.
Nenoff's second appeal from an order of
the Industrial Commission denying him un-
employment compensation benefits. In the
first appeal, *Nenoff v. Culligan Soft Wa-
ter*, 95 Idaho 834, 521 P.2d 658 (1974), the
cause was remanded to the Industrial Com-
mission for the following reason:

"In this case the Commission did not re-
solve the factual conflicts in the evi-
dence. The findings of fact entered by
the Commission are merely a recitation
of the allegations, contentions and testi-
mony of the parties. Such findings of
fact do not permit this Court to obtain a
clear understanding of the basis of the
decision of the Commission and are con-
trary to this Court's instructions in
*Swan v. Williamson*, [74 Idaho 32, 257
P.2d 522 (1953)], wherein we stated:

'Where there is a conflict in the testi-
mony the duty rests upon the board, a

fact finding body, to resolve such conflict, to determine what is true and what is false and to announce the facts in accordance with its findings. . . .' 74 Idaho at 37, 257 P.2d at 554.

"Therefore the matter is remanded to the Industrial Commission with directions to enter findings of fact, conclusions of law and a new order conforming with those findings and conclusions." 95 Idaho at 836–837, 521 P.2d at 660 (footnote omitted).

■ On remand the Industrial Commission concluded that Nenoff was ineligible for unemployment insurance benefits under I.C. § 72–1366 [1] because he had left his employment voluntarily without good cause. The Commission's order denying benefits was based upon its findings that: shortly before the claimant quit his employment he had attempted to sell to a competitor certain confidential business records stored in the employer's office; upon learning of this, his employer changed the locks on the office in order to deny the claimant access to his confidential records; as a result the claimant was denied access to the office at night; and the claimant left his employment rather than accept this restriction denying him access to the office at night. The Commission further concluded that the claimant's attempt to sell his employer's confidential business information to a competitor would have justified the employer discharging the claimant for misconduct, although the employer had not done so. Based on these findings of fact the Commission concluded that Nenoff had left work voluntarily without good cause.

■ Nenoff, however, argues that the Commission's decision cannot be upheld because it was based upon improperly admitted evidence, hearsay evidence and malicious testimony and was not supported by substantial competent evidence. We have reviewed the record before the Commission and find that the Commission's findings are supported by substantial competent evidence and thus we uphold the Commission's decision. Idaho Constitution, Art. 5, § 9; I.C. §§ 72–724, 732; *Gradwohl v. J. R. Simplot Co.,* 96 Idaho 655, 534 P.2d 775 (1975).

■ Finally, Nenoff argues that the Commission denied him due process of law by telling him it was unnecessary for him to appear at the hearing that the Commission held following remand. His contention is that he was unable to introduce evidence concerning his wage dispute with his former employer and that he was unable to conduct further cross examination of witnesses who had testified at the first hearing. We reject this argument. In disposing of Nenoff's first appeal, we said the following:

"[U]pon proper motion made before the Industrial Commission, leave should be granted allowing either party to reopen these proceedings before the Industrial Commission to introduce further evidence regarding appellant's claim for unemployment compensation." 95 Idaho at 837, 521 P.2d at 661.

In compliance with this directive the Commission sent Nenoff a letter advising him that if he wished to present additional evidence he had a ten day period in which to request in writing the right to do so. Nenoff requested a hearing to present additional evidence, but after the hearing had been scheduled he wrote to the Commission to report that he would be unable to attend the hearing. He further states in his brief

---

1. "72–1366. *Personal eligibility conditions.*— The personal eligibility conditions of a benefit claimant are that—

. . . . .

"(f) His unemployment is not due to the fact that he left his employment voluntarily without good cause . . . . .

. . . . ."

I.C. § 72–1366 is quoted in part above as it existed at the time Nenoff stopped working for his employer; the identical provision is now codified as subsection (e) of I.C. § 72–1366.

that he was then told it was unnecessary for him to introduce further evidence at the hearing. The hearing was held, and the employer appeared and admitted the matters which Nenoff here argues he would have proved, i. e., that the Department of Labor had held that Nenoff had back commissions coming and that after the Department of Labor ruling the employer had paid those back wages. Although this evidence was not relevant in view of the Commission's decision that the reason that he left the employment was because the employer would not grant him unlimited access to its records, nevertheless it was before the Commission and thus Nenoff was not denied the opportunity to present the additional evidence which he wished to produce. Nenoff further contends that had he been able to attend the second hearing that he would have conducted further cross examination of the witnesses produced by the employer, particularly the witness who testified to Nenoff's attempts to sell his employer's records. However, no witness was present at the second hearing except the employer, and none had been subpoenaed by either party. Due process does not afford a party the opportunity to repeatedly cross examine witnesses on the same issue. Nenoff did cross examine the witness on that issue at the first hearing, and that witness did not appear or testify at the second hearing. The only evidence introduced at the second hearing was the admission by the employer of the proceedings before the Department of Labor which determined the amount of back commissions due and owing. We conclude that Nenoff was not denied due process in the proceedings before the Commission.

Order affirmed. Costs to respondents.

McQUADE, C. J., McFADDEN, DONALDSON, JJ., and SCOGGIN, District Judge, concur.