551 P.2d 1330

Ralph ELLISON, Sr., Claimant-Appellant,

v.

The BUNKER HILL COMPANY (Self-Insured), Defendant-Respondent.

No. 11933.

Supreme Court of Idaho.

July 13, 1976.

Franklin H. Powell, Coeur d'Alene, for claimant-appellant.

James P. Keane, of Brown, Peacock, Keane & Boyd, Kellogg, for defendant-respondent.

PER CURIAM.

This is an appeal from a denial of workmen's compensation benefits by the Industrial Commission. We affirm. This case was previously before the Court, 96 Idaho 317, 528 P.2d 199 (1974).

Claimant-appellant was employed at defendant-respondent Bunker Hill's operation from 1955 until 1971. During that time he was exposed to rock dust in mining operations from 1955 to 1969 and in the smelter operation from 1969 until 1971. In 1971 Ellison developed chest pains and breathing difficulties and was examined ultimately by two physicians: Whitehouse, a specialist in pulmonary diseases, and Powell, a Board certified internist. Whitehouse administered x-rays, lung function tests and lung diffusion studies. He diagnosed Ellison's problem as Stage II silicosis and emphysema caused by silicosis.

Powell, testifying in behalf of Bunker Hill, indicated that while he examined the most recent x-rays of Ellison, he also examined x-rays taken in 1955, 1957 and 1960. Whitehouse did not examine the 1955, 1957 or 1960 x-rays. Powell testified that the x-rays revealed that while nodules in the lungs of Ellison could indicate silicosis, the earlier x-rays indicated that the nodules were present when Ellison began work in 1955 and had not been aggravated since that time. He therefore ruled out silicosis as a diagnosis and testified as his opinion that the fibrocalcific condition was caused by tuberculosis or other similar disease which would not be work induced. Ellison had taken a tuberculosis test which, according to Whitehouse, indicated that Ellison had been exposed to tuberculosis and was a high risk with respect to that disease. *Ellison v. Bunker Hill Co.,* 96 Idaho 317, 528 P.2d 199 (1974). Whitehouse also testified that tuberculosis could bring on the emphysema symptoms of Ellison.

The Industrial Commission found that while Ellison was suffering from a fibrocalcific disease, it was not silicosis and therefore not work related. Ellison argues on appeal that this finding is not supported by the evidence and he places substantial emphasis on a lung diffusion test utilized by the expert for appellant and not utilized by either of the experts for respondent. We find such argument attacks not the sufficiency but only the weight of the evidence. We further note that the only references to those tests in the record are vague and inconclusive and do not reveal the necessity of such a test as a requisite for a determinative diagnosis.

Claimant-appellant Ellison relies on *Beaver v. Morrison-Knudson Co.,* 55 Idaho 275, 41 P.2d 605 (1934). In the case at bar, experts for respondent Bunker Hill positively testified that the pre-1971 x-rays could not be reconciled with the inference that appellant's occupation caused the disease. Hence, *Beaver* is distinguishable and not controlling.

Where, as here, there was substantial, albeit conflicting, evidence to support the finding of the Commission, the findings and rulings of the Commission will be sustained. I.C. § 72–724; *Gradwohl v. Simplot,* 96 Idaho 655, 534 P.2d 775 (1975).

Affirmed.