571 P.2d 334

**Clifford J. MURRAY, Claimant-Respondent,**

v.

**HECLA MINING COMPANY, Defendant-Appellant.**

**No. 12475.**

Supreme Court of Idaho.

Nov. 17, 1977.

James P. Keane of Brown, Peacock, Keane & Boyd, Kellogg, for defendant-appellant.

Robert L. Bilow of Hawley, Troxell, Ennis & Hawley, Boise, for claimant-respondent.

DONALDSON, Justice.

The claimant-respondent was injured while employed by the defendant-appellant. The claimant filed a claim for permanent disability. The State Industrial Commission determined that the claimant had suffered a "permanent partial disability" of 50 percent of the whole man which entitled him to recover income benefits from the appellant. The appellant is appealing this decision.

The claimant injured his right knee on July 12, 1973, while working underground as a diesel motorman. He underwent surgery by Dr. James Williams on July 16, 1973, in Spokane, Washington. He returned to Dr. Williams for followup examinations thereafter. In October, 1974, Dr. Williams thought that the claimant's knee had reached maximum recovery. The doctor wrote a letter to the appellant's personnel manager at this time indicating that the mechanics of closing the case should be set in motion.

In December 1974 the claimant returned to work for the first time since his accident. He aggravated the condition of his knee, however, and ceased work after one and one-half days. He has not returned to work since.

The claimant filed his claim for permanent disability on February 2, 1975. Two hearings were conducted, one in May, 1975, and the other in August, 1975. The Commission also received as evidence the deposition of Dr. John Giesen of Coeur d'Alene, Idaho. At the first hearing, Dr. Williams estimated the claimant's "permanent physical impairment" to the right knee as 40–50 percent as compared to the loss by amputation of the lower extremity. Dr. Giesen, who examined the claimant on one occasion, estimated the claimant's physical impairment at 35 percent as compared to the loss of a leg at the hip. Two other witnesses testified at the hearings. Mr. Charles Eells of Boise, owner and manager of a private employment agency, testified that in his opinion the claimant's disability range was between 50–80 percent. He thought the claimant could engage in some light industrial work if employment could be found. Mr. Gus Voltolini, the personnel manager for the appellant, testified that considering the claimant's condition, there were several jobs at the mine within his capabilities if he were trained.

The claimant was 56 years old at the time of his injury. He is a high school graduate who has worked for most of his adult life in the mining industry. He possesses no special skills.

The Commission concluded that the claimant had suffered a "permanent partial disability" of 50 percent of the whole man. The Commission based its decision on the medical testimony indicating a "physical impairment" in the range of 35–50 percent as compared to the loss of the leg at the hip. The Commission also considered the claimant's age, education, and lack of specific occupational skills in reaching their conclusion.

On appeal, the appellant argues basically two assignments of error:

(1) The Industrial Commission's permanent disability evaluation was not supported by competent and substantial evidence and the weight of the evidence before the Commission was insufficient to support the disability rating; and

(2) Idaho Code § 72–425 violates equal protection provisions of both the State and Federal Constitutions in that it allows different awards depending upon the age and sex of the claimant.

Idaho Code § 72–425 provides that the Industrial Commission's "evaluation (rating) of permanent disability" must be based on both medical and non-medical factors. The non-medical factors the Commission should consider are "age, sex, education, economic and social environment, training and usable skills" of the claimant. The appellant contends that the non-medical evidence received by the Commission was neither competent nor sufficient to sustain their disability rating. The appellant contends that Mr. Eells, the owner and manager of a Boise employment agency, was the only witness to testify regarding the non-medical factors and Mr. Eells was not competent to testify in this area because he was unfamiliar with the mining industry in northern Idaho and the claimant's physical condition. We disagree.

■ We may first point out that the Commission received non-medical testimony from three witnesses, the claimant, Mr. Eells, and Mr. Voltolini, the personnel manager for the appellant. Mr. Eells was qualified to testify. It appears from the record

that he was generally familiar with the claimant's physical condition and that he was experienced in the general area of industrial employment placement. The appellant's attack against Mr. Eells' testimony goes to the weight of this evidence, rather than the witness' competency or the sufficiency of the evidence. Also, the appellant overlooks the fact that the claimant and Mr. Voltolini both testified concerning the non-medical factors. The claimant gave testimony disclosing his age, education, training, and usable skills. Mr. Voltolini testified that there were several jobs at the mine that the claimant could handle, if trained, considering his physical condition. However the record does not show that appellant offered to train the claimant for these jobs since his injury, which occurred on July 12, 1973, some three and one-half years before this appeal was filed.

The weight to be given evidence is a question for the Industrial Commission and not this Court. *Gradwohl v. J. R. Simplot Company*, 96 Idaho 655, 534 P.2d 775 (1975); *Earl v. Swift and Company*, 93 Idaho 546, 467 P.2d 589 (1970); *Duerock v. Acarregui*, 87 Idaho 24, 390 P.2d 55 (1964). The Commission's findings were supported by substantial and competent evidence and will be sustained on appeal. *Ellison v. Bunker Hill Company*, 97 Idaho 694, 551 P.2d 1330 (1976). We affirm the Commission's findings regarding the claimant's permanent disability rating.

The appellant next claims that I.C. § 72–425 violates the equal protection provisions of the State and Federal Constitutions because it allows differing awards depending on the claimant's age and sex. Appellant cites no authority for this argument and we find it to be without merit.

Affirmed. Costs to respondent.

McFADDEN, C. J., and SHEPARD, BAKES and BISTLINE, JJ., concur.